[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12961
Non-Argument Calendar

_____

D. C. Docket No. 02-01843-CV-CO-W

WILLIAM LENARD MONTGOMERY,

Plaintiff-Appellant,

versus

U.S. POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 26, 2006)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Plaintiff William Montgomery, pro se, appeals the district court's order

granting judgment to the Defendant United States Postal Service (hereinafter "USPS") in this employment discrimination action. After review, we affirm.[1]

Between June 20, 1995 and November 16, 1998, Montgomery, who was over 40, applied for eleven clerk or carrier positions at the USPS but was never hired. Montgomery's complaint alleged that the USPS had refused to hire him because of his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). In written discovery responses, the USPS stated that Montgomery was not chosen for the positions because he was not the "best fit" for the positions based on his applications and interviews. Following discovery, both Montgomery and the USPS moved for summary judgment. The district court denied both parties' motions.

During a subsequent bench trial, the district court, over Montgomery's objection, admitted testimony from USPS employees who had interviewed Montgomery for each position. These employees testified that Montgomery was not the "best fit" for the positions because of his negative, anti-social personality,

---

[1]Plaintiff-appellant Montgomery raises additional arguments that we do not address for the following reasons. First, Montgomery argues that the district court erred in denying his motion for summary judgment. That ruling is not reviewable on appeal because his age discrimination claim was disposed of after a full trial on the merits. See Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1284 (11th Cir. 2001). Second, Montgomery challenges the district court's rulings on discovery issues related to the mitigation of his damages. Because we affirm the district court's liability finding in favor of the Post Office, any issue related to damages is moot. See Watson v. Drummond Co., Inc. 436 F.3d 1310, 1311 n.1 (11th Cir. 2006).

2

which did not suit him for work with the public. One interviewer also cited Montgomery's behavior during a confrontation with a postal worker at one of the post offices. At the conclusion of the bench trial, the district court entered judgment in favor of the USPS.

On appeal, Montgomery challenges the district court's admission of testimony regarding the specific reasons Montgomery was not hired for the positions. Montgomery contends that the USPS should have been limited to the more general reason of "not the best fit" given in its interrogatory responses because Montgomery was not prepared to respond at trial to the USPS's more specific evidence.

A trial judge has broad discretion to determine whether to admit evidence, and this Court will reverse only where there was an abuse of discretion. Wilson v. Bicycle South, Inc., 915 F.2d 1503, 1510 (11th Cir. 1990). We conclude that the district court did not abuse its discretion in admitting the testimony.

During EEOC mediation prior to his lawsuit, Montgomery learned that his confrontation with the postal worker was the reason for at least one of the hiring decisions. During discovery, the USPS also provided Montgomery with documentation, including interview notes, that evidenced some of the specific reasons for not hiring him. In addition, as the district court noted, the lack of detail

3

in the USPS's interrogatory response "should have been obvious" to Montgomery, yet he did not seek the district court's assistance to elicit a more specific response and did not ask for elaboration from the postal employees he deposed or interviewed. Under these circumstances, we agree with the district court that Montgomery was not unfairly surprised by the USPS's evidence at trial. Accordingly, we find no abuse of discretion as to the district court's ruling.

Montgomery also argues that the district court clearly erred in entering final judgment in favor of the USPS. Montgomery asserts that evidence in the record contradicts the testimony of USPS employees regarding their reasons for not hiring him. He also argues that the district court did not closely examine the evidence and generally disagrees with the district court's interpretation of the evidence.

In reviewing a final judgment by a district court, we must give due regard to the trial court to judge the credibility of witnesses and will not set aside findings of fact in a non-jury trial unless they are clearly erroneous. Fed. R. Civ. P. 52(a); Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it

4

would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 1351 (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S. Ct. 1504 (1985)).

Here, the district court's view of the evidence is entirely plausible in light of the record as a whole. At trial, numerous USPS employees who interviewed Montgomery testified that his "loner" personality and negative attitude made him not the "best fit" for the positions because they believed Montgomery would not interact well with the public, work as part of a team or take direction from supervisors. Montgomery admitted that he told interviewers that he preferred to work alone. He also failed to present any evidence refuting the interviewers' good faith perceptions of Montgomery's personality and attitude.[2] Instead, Montgomery testified that, during two interviews, USPS employees made comments that Montgomery construed to mean that they suspected his age would make him less competent to perform jobs. USPS employees present during the interviews testified to the contrary. The district court was entitled to judge the credibility of

[2]Two USPS employees, Bonnie Magourik and Susan Rigby, testified that Montgomery once initiated a verbal altercation with Magourik in the Post Office in Northport, Alabama. Rigby, a hiring official, also testified that this incident led her to request that Montgomery not be considered for future positions with the Post Office and to decline to interview him for future jobs. Montgomery's testimony about the confrontation differs greatly from that of Magourik. However, the district court was entitled to believe Magourik's version of events.

the witnesses at trial.  Montgomery has not provided a basis for finding clearly erroneous the district court's decision to believe the USPS employees rather than Montgomery.

For these reasons, we affirm the district court's entry of judgment in favor of the USPS.

**AFFIRMED.**